UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────────────────

UNITED STATES OF AMERICA,

               Plaintiff,

v.

FREDERICK B. YOUNG,

               Defendant.

─────────────────────────────────────────────

REPORT & RECOMMENDATION

11-CR-6195CJS

       Currently pending before the Court is a motion by counsel for defendant Frederick B. Young ("Young") for a judicial determination pursuant to 18 U.S.C. § 4241 that Young is incompetent to stand trial. (Docket # 18). The government does not oppose the motion. (Docket # 19 at ¶ 4). For the reasons set forth below, it is my recommendation that Young be determined incompetent to stand trial.

**FACTUAL BACKGROUND**

       Young has been charged in a one-count indictment with failing to register as a sex offender under the Sex Offender Registration and Notification Act, in violation of 18 U.S.C. § 2250(a). (Docket # 8). Specifically, the indictment charges Young with traveling from New York State to Florida without updating his registration. (*Id.*).

       On January 26, 2012, this Court ordered that Young undergo a psychiatric evaluation at an appropriate federal medical facility to determine whether he is suffering from a mental disease or defect that renders him incompetent to the extent that he is unable to

understand the nature and consequences of the proceedings against him or to assist properly in his defense.  (Docket # 20).  On February 15, 2012, Young was admitted to the Metropolitan Correctional Facility in New York City, where he underwent psychological testing and evaluation by a forensic psychologist, William J. Ryan, Ph.D.

Following that evaluation, Dr. Ryan submitted to this Court a written report dated March 19, 2012, recommending that Young be declared incompetent to stand trial pursuant to 18 U.S.C. § 4241.  (Docket # 23).  A competency hearing was held on April 11, 2012.  (Docket # 25).  At the hearing, Dr. Ryan testified for the government, and Young testified for the defense.

## DISCUSSION

A court must declare a criminal defendant incompetent to stand trial if it finds "by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(d).  According to the Second Circuit, the determination of competency turns on whether the defendant has "(1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and (2) a rational as well as factual understanding of the proceedings against him."  *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960) (*per curiam*)) (internal quotations omitted).  In assessing competency, "the district court may rely on a number of factors, including medical opinion and the court's observation of the defendant's comportment."  *Id*. at 411 (citing *United States v. Hemsi*, 901 F.2d 293, 295 (2d Cir. 1990)).

In concluding that Young is currently incompetent to stand trial, I rely principally upon Dr. Ryan's hearing testimony, his written report, Young's conduct during the hearing and, to a lesser degree, upon my own observations of Young during his appearances before this Court.

I turn first to Dr. Ryan's written report and hearing testimony, which I credit. Dr. Ryan testified that he has been a licensed psychologist since 1987 and has worked as a forensic psychologist with the Federal Bureau of Prisons since 1995. His duties in that capacity primarily consist of making competency and criminal responsibility determinations for courts. He estimates that he makes in excess of sixty-five such determinations annually. In determining competency, Dr. Ryan generally administers psychological tests to and conducts interviews with the defendant, reviews relevant records concerning the defendant and interviews the prosecutor and defense attorney.

Consistent with his general practice, Dr. Ryan attempted to administer the Personality Assessment Inventory ("PAI") to Young. (Docket # 23 at 7). According to Dr. Ryan, the PAI is a self-report questionnaire, designed to measure objectively personality characteristics, psychological adjustment, and "response bias." (*Id*.). Young refused to complete the PAI form, however, and told Dr. Ryan in a letter that "[m]ost of these questions are formulated solely to find out how indoctrinated the Establishment has me." (*Id*.).

Dr. Ryan also conducted three clinical interviews of Young, occurring on February 21, February 26 and March 8, 2012. The interviews lasted between sixty and ninety minutes. Dr. Ryan also reviewed various records, including records relating to the pending prosecution; records related to Young's conviction in 1986; and Young's criminal history consisting of criminal charges dating back to 1983. (*Id*. at 2-3, 5). Finally, Dr. Ryan conducted

telephone interviews with Young's counsel, the federal prosecutor in this case and Young's mother. (*Id*. at 1, 3).

Based upon his review of the records, and his interviews of Young and the attorneys involved in the case, and the psychological testing, Dr. Ryan diagnosed Young as suffering from the mental disease of schizophrenia of the paranoid type and polysubstance dependence. (*Id*. at 10). Dr. Ryan further described Young as displaying hypervigilance and appearing to regard others with suspicion during his interviews. (*Id*. at 8). Dr. Ryan described Young's thinking as "organized" but "delusional." (*Id*. at 9). For example, Dr. Ryan reported that Young believes that the government watches people through televisions, and that " Young is experiencing auditory and visual hallucinations of a man named 'Abe,' who he reportedly receives advice from." (*Id*. at 10-11).

Dr. Ryan recounted in his report numerous statements that Young made expressing his distrust of the legal system, in particular, his attorney, the Assistant United States Attorney and this Court. Dr. Ryan opined that Young "possesses a paranoid delusion that his Judge, as a 'controller,' and his lawyer and AUSA, as 'users,' are trying to control him and are out to get him." (*Id*. at 10). More specifically, Young described to Dr. Ryan "a system in which 'users' (such as his lawyer and prosecutor) follow orders from "controllers' (such as his Judge) in order to tame the masses and infringe on their freedom. Mr. Young emphasized his Judge, lawyer, and prosecutor are trying to control and 'blind' him, in an attempt to transform him into one of the masses." (*Id*. at 9). For example, according to Dr. Ryan, Young claimed that his defense attorney tried "to insert thoughts into his head," but that Young would not "let him in."

(*Id*. at 13).  In addition, Young stated to Dr. Ryan his belief that this Court controlled Dr. Ryan. (*Id*. at 14).

Thus, Dr. Ryan concluded that Young "is experiencing symptoms that would interfere with his ability to understand the nature of his charges, courtroom proceedings, or his ability to consult with his attorney."  (*Id*. at 13).  In addition, Dr. Ryan found that Young is "incapable of maintaining proper courtroom behavior as well as appropriate attending to and participating in courtroom proceedings."  (*Id*. at 14).  Finally, Dr. Ryan opined that Young is

> incapable of communicating with counsel, weighing the merits of various defenses, and making decisions regarding numerous constitutional protections such as his right to trial, his right to an attorney, his right to enter into a plea, and his right to call witness. He is incapable of testifying in his own defense and speaking during sentencing proceedings.

(*Id*.).

Young's own conduct at the hearing supports Dr. Ryan's conclusions.  During the hearing, Young sat with his back turned to the Court.  At one point, he displayed his middle finger in a well-known vulgar gesture to the court's security camera.  In addition, as his attorney questioned Dr. Ryan, Young interrupted the proceedings by repeatedly stating that he believed that "they" were trying "to brainwash" him.  Later on in the proceeding, Young again expressed his belief that he was being brainwashed and then said that he would "never say another word." Although the Court had not adjourned the proceedings, Young then stood up at the table and indicated by gesturing a desire to leave the courtroom.  At that point, he was removed from the hearing.

As a final consideration, I have personally observed Young to be disruptive in court on several occasions, sometimes engaging in inappropriate and erratic outbursts and sometimes refusing to participate in the proceedings at all.  In a recent letter he sent to this Court, he referred to his belief that "the bug you had implanted in me is no good."

In sum, considering Dr. Ryan's report and testimony, Young's testimony and, to a lesser extent, my own observations, I find by a preponderance of the evidence that Young is presently suffering from a mental disease – specifically, paranoid schizophrenia – that renders him unable to rationally understand the nature and consequences of the proceedings against him and to assist properly in his defense.  Accordingly, I recommend that the district court declare him incompetent to stand trial.

## **CONCLUSION**

For the foregoing reasons, it is my recommendation that Frederick Young be found currently incompetent to stand trial and order that he be committed to the custody of the Attorney General for a reasonable period, not to exceed four months, to determine "whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(1).

                                             *s/Marian W. Payson*
                                                 MARIAN W. PAYSON
                                               United States Magistrate Judge

Dated: Rochester, New York
        April   16   , 2012

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York.[1]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance.  *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2(a)(3) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

      *s/Marian W. Payson*
      MARIAN W. PAYSON
      United States Magistrate Judge

Dated: Rochester, New York
      April   16  , 2012

---

[1] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation.  Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).